IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ANTHONY FARROW,         )
                                )
            Petitioner,          )
                                )
        v.                       )       1:05CV894
                                )       1:02CR230-1
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

**RECOMMENDATION AND ORDER OF MAGISTRATE JUDGE ELIASON**

Petitioner Michael Anthony Farrow, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury convicted petitioner of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g) and 924(e)(1). (Docket nos. 1, 14 (criminal case)) The court sentenced him to 222 months in prison. (Id. docket no. 21) Petitioner appealed to the Fourth Circuit, but that court affirmed the judgment. (Id. docket no. 33) The Supreme Court denied certiorari on October 4, 2004. (Id. docket no. 36)

Petitioner then filed this section 2255 motion. (Docket no. 1)[1] He raises four grounds for relief.[2] (Id. at 5-10) He claims

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

[2] Along with his motion form, petitioner submitted a 21-page memorandum which the court accepted even though it technically did not comply with the court's 20-page limit on supporting briefs. L.R. 7.3(d). Petitioner then submitted an "amendment" to his motion which is a 33-page memorandum. (Docket no. 3) He states that he is submitting this "amendment" because of the court's page limitation for memoranda. (Id. at 1) It is thus apparent that this "amendment" is simply an attempt to avoid the court's local rule. This will not be allowed. Petitioner has not given any good reason why he cannot adequately present his claims in compliance with the rule, and the court finds that he can
(continued...)

that counsel rendered ineffective assistance by failing to adequately attack his indictment on ex post facto grounds, failing to object to the government's lack of proof that his civil rights had been restored, and failing to allow petitioner to testify at trial as to his understanding of his civil rights. (Docket no. 1 at 5) Petitioner's second ground for relief is that the government failed to establish that his civil rights had not been restored and that the court erred in its interpretation of a Fourth Circuit case. (Id. at 6-7) His third ground for relief is that his conviction violates the ex post facto clause and that counsel failed to argue this issue on appeal. (Id. at 8) Finally, petitioner claims that trial counsel at sentencing failed to argue that his sentence was improperly enhanced under the line of cases culminating in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Respondent has responded to the motion and asks that it be denied. (Docket no. 8) Petitioner has filed a reply brief. (Docket no. 14) The matter is now ready for ruling.

## **DISCUSSION**

The charge underlying petitioner's conviction arose out of a traffic stop of the van petitioner was driving. In the van police found two handguns and a shotgun. (Tr. of motions, testimony and jury charge) Petitioner admitted to the arresting officers that

---

² (...continued)
do so. The "amendment" will be stricken and will not be further considered by the court.

all the guns were his.  (Id. at 18-30)  Before trial the court denied petitioner's motion to dismiss his indictment. (Id. at 4-9)

Petitioner's motion to dismiss his indictment conceded that he had been convicted of four counts of sale of cocaine in 1990 and sentenced to five years in state prison. (Docket no. 12 (criminal case))  Later in 1990 the State Parole Commission paroled him.  In 1992 the Commission unconditionally discharged him.  (Id. at 2)  The date of the present offense was November 12, 2001.  Under section 922(g)(1), a conviction for which the defendant has had his civil rights restored is not considered a prior conviction.  18 U.S.C. § 921(a)(20).  Petitioner's argument was that as of the time of his state convictions in 1990, his 922(g)(1) firearms prohibitory period ended February 21, 1997, five years after his unconditional discharge from parole pursuant to state law.  (Docket no. 12 (criminal case) at 6)  His possession of guns in 2001 would therefore be legal because he would have had all civil rights restored and the drug offenses would not be considered prior convictions under section 921.

However, after petitioner's state convictions but before the end of this five-year period the state amended the statute which had allowed firearm possession by convicted felons after five years after release or discharge.  The 1995 amendment to N.C. Gen. Stat. § 14-415.1 generally prohibited handgun possession indefinitely. Petitioner argued in his motion that to apply this law to him would violate the ex post facto clause.  (Id. at 6)

-3-

The district court followed <u>United States v. O'Neal</u>, 180 F.3d 115 (4th Cir. 1999) in denying petitioner's motion. In this case the Fourth Circuit had found that the North Carolina law which created the five-year ban after release (when under previous law there was no prohibition on handgun possession after release) was not a punitive law but was regulatory and therefore did not constitute a violation of the ex post facto clause. The district court did not believe that the North Carolina state legislature's modification of the ban to an indefinite period would cause the law to be punitive rather than regulatory. (Tr. of motions at 6)

Petitioner appealed this issue to the Fourth Circuit. That court found that the district court was correct. The ban was still regulatory in nature and therefore did not violate the ex post facto clause. <u>United States v. Farrow</u>, 364 F.3d 551 (4th Cir. 2004).

Petitioner believes that the district court and the Fourth Circuit came to the wrong decision on this issue. (Docket no. 14 at 8-10) This belief underlies many of petitioner's arguments in this section 2255 motion. However, the Fourth Circuit has made its decision, and the Supreme Court has denied review on it. The court finds no basis to re-examine this issue now, and it is therefore binding in this proceeding. Petitioner may not re-litigate the

matter in this collateral proceeding.³  See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

With that determination, the court now turns to petitioner's grounds for relief.  Petitioner's first claim is that trial counsel failed to adequately attack his indictment on ex post facto grounds.  (Docket no. 1 at 5)  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).  The petitioner bears the burden of affirmatively showing deficient performance.  See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

---

³ To the extent that petitioner argues that he is now presenting a new issue not decided by the Fourth Circuit–whether the amendment altered the definition of a crime or deprived him of a previously guaranteed defense–the court finds no merit to these arguments. (Docket no. 1, attached memo. at 16) The North Carolina legislature cannot change a federal statute, and the amendment did not deprive petitioner of any defense available according to the law at the time when the act was committed.  See Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).  Counsel did not perform unreasonably in not making these arguments, and no prejudice can be shown as well.

-5-

Petitioner has failed to show either unreasonable performance or prejudice. Counsel, Assistant Federal Public Defender Cochran, filed and argued the motion to dismiss petitioner's indictment based on the ex post facto clause. (Docket nos. 11, 12 (criminal case); Tr. of motions) The above discussion shows that the courts simply disagreed on the issue of law. This claim should therefore be dismissed. See Strickland, 466 U.S. 668.

Petitioner's next claim is that counsel failed to object to the government's lack of proof at trial that petitioner's civil rights had not been restored. (Docket no. 1 at 5) The district court determined that whether petitioner's civil rights had been restored was a legal question and that the court had decided that the ban which applied to petitioner was the indefinite one rather than the five-year ban. (Tr. of motions at 56) This is therefore an issue connected to the motion to dismiss petitioner's indictment. Counsel performed reasonably in presenting this motion, and petitioner has not shown any prejudice from counsel's performance. This claim should also be dismissed. See Strickland, 466 U.S. 668.

Petitioner next complains that counsel did not allow him to testify "as to what his understanding of the status of his civil rights were." (Docket no. 1 at 5) However, it was the court that limited petitioner's testimony and not counsel. (Tr. of motions at 58-61) Petitioner did present testimony at his trial. He has failed to show any unreasonable performance of counsel or any

resulting prejudice on this claim.  It should also be dismissed.
See Strickland, 466 U.S. 668.

Turning now to petitioner's second ground for relief, he claims that insufficient evidence supports his conviction because the government failed to prove that his civil rights had not been restored.  (Docket no. 1 at 6)  He states that the district court erred in its interpretation of United States v. O'Neal.  As pointed out above, the claim that the district court erred was appealed and it may not be re-litigated in this proceeding.  Also as mentioned earlier, this ruling meant that there was nothing for the government to prove regarding the restoration of petitioner's civil rights because petitioner was indefinitely banned from possessing handguns and thus enjoying all of his former rights.  Accordingly, there was no lack of proof on the issue.  This claim should be dismissed.

Petitioner's third ground for relief is that his conviction violated the ex post facto clause and that counsel failed to argue this issue.  (Docket no. 1 at 8)  As discussed previously, there was no ex post facto violation with respect to petitioner being a convicted felon who could not lawfully possess firearms.  Counsel performed reasonably in presenting petitioner's argument on this issue.  In this claim petitioner also mentions his armed career criminal status which was due to the fact that he had at least three prior convictions for serious drug offenses.  (PSR ¶ 11) Petitioner's claim regarding his armed career criminal status is based on Booker and Blakely v. Washington, 542 U.S. 296, 124 S.Ct.

-7-

Case 1:05-cv-00894-NCT-RAE   Document 15   Filed 03/22/06   Page 7 of 10

resulting prejudice on this claim.  It should also be dismissed.
See Strickland, 466 U.S. 668.

Turning now to petitioner's second ground for relief, he claims that insufficient evidence supports his conviction because the government failed to prove that his civil rights had not been restored.  (Docket no. 1 at 6)  He states that the district court erred in its interpretation of United States v. O'Neal.  As pointed out above, the claim that the district court erred was appealed and it may not be re-litigated in this proceeding.  Also as mentioned earlier, this ruling meant that there was nothing for the government to prove regarding the restoration of petitioner's civil rights because petitioner was indefinitely banned from possessing handguns and thus enjoying all of his former rights.  Accordingly, there was no lack of proof on the issue.  This claim should be dismissed.

Petitioner's third ground for relief is that his conviction violated the ex post facto clause and that counsel failed to argue this issue.  (Docket no. 1 at 8)  As discussed previously, there was no ex post facto violation with respect to petitioner being a convicted felon who could not lawfully possess firearms.  Counsel performed reasonably in presenting petitioner's argument on this issue.  In this claim petitioner also mentions his armed career criminal status which was due to the fact that he had at least three prior convictions for serious drug offenses.  (PSR ¶ 11) Petitioner's claim regarding his armed career criminal status is based on Booker and Blakely v. Washington, 542 U.S. 296, 124 S.Ct.

2531, 159 L.Ed.2d 403 (2004).  (Docket no. 1, attached memo. at 18-19)  He argues that under state law his prior offenses were not offenses for which a maximum term of ten years was prescribed by law if considered under the reasoning of the Booker line of cases. (Id.)  They, therefore, would not qualify as predicate convictions under section 924(e)(2).

Petitioner's federal conviction became final in October 2004 when the Supreme Court denied certiorari.  Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).  This was before the Supreme Court decided Booker in 2005.  Although the Supreme Court has now decided in Booker that the reasoning of Blakely does apply to the federal sentencing guidelines, the Fourth Circuit has recently held that Booker was a "new rule" of criminal procedure under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose convictions became final before Booker (or Blakely) was decided."[4]  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Therefore, Booker may not be applied retroactively as to any federal conviction.

The same is true for petitioner's prior state court convictions.  North Carolina law does not allow the application of Blakely to cases that became final before July 2005.  State v.

---

[4] The court also made clear that it is the date that Booker rather than Blakely was decided that controls the retroactivity analysis.  429 F.3d at 72 n.5 (citing Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date Booker issued is appropriate dividing line because Blakely reserved decision about the federal sentencing guidelines), cert. denied, 126 S.Ct. 288 (2005)).

-8-

Allen, 615 S.E.2d 256 (N.C. 2005). Therefore, petitioner's reasoning which relies on the retroactive application of Blakely under North Carolina law must be rejected. Petitioner's third ground for relief should be dismissed.

Petitioner's fourth ground for relief is the claim that he was sentenced in violation of Booker and a related ineffective assistance of counsel claim. (Docket no. 1 at 9) Petitioner was sentenced on January 30, 2003. (Docket entry (criminal case)) This was before Booker was decided and before Blakely. Although Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) had been decided, this ruling did not require that the indictment set out and that the jury find as a fact the prior convictions used to enhance a sentence under the Armed Career Criminal Act. United States v. Cheek, 415 F.3d 349 (4th Cir.), cert. denied, 126 S.Ct. 640, 163 L.Ed.2d 518 (2005). Counsel did not render ineffective assistance in this regard. This final claim must therefore be rejected.

In his memorandum, petitioner also complains that his prior state convictions were not proper predicate convictions under the Armed Career Criminal Act because they were related. (Docket no. 1, attached memo. at 19-20) However, petitioner's presentence report shows that the four sales of cocaine occurred on four separate days. (PSR ¶ 23) This is sufficient. United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995). In addition, the fact that the convictions were consolidated for judgment has no effect.

United States v. Samuels, 970 F.2d 1312 (4th Cir. 1992).  These claims should also be dismissed.

**IT IS THEREFORE ORDERED** that petitioner's amended memorandum (docket no. 3) be **STRICKEN** and not further considered by the court.

**IT IS RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

```
                                    /s/ Russell A. Eliason
                                  United States Magistrate Judge
```

March 22, 2006

-10-

Case 1:05-cv-00894-NCT-RAE   Document 15   Filed 03/22/06   Page 10 of 10